IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 19-cv-1139-WJM-NRN

RAYMOND MARTINEZ,

    Plaintiff,
v.

JOHN DOE (1), Captain;
JOHN DOE (2), Operations Lieutenant (a.k.a. LT. TRUJILLO);
JOHN DOE (3), SHU Lieutenant;
JOHN DOE (4), Unit Officer; and
UNITED STATES OF AMERICA,

    Defendants.

**ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER AND GRANTING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S THIRD AMENDED COMPLAINT**

This prisoner civil rights action arises out of Plaintiff Raymond Martinez's ("Plaintiff") claim against employees of the Federal Bureau of Prisons ("Defendants"), brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  On May 19, 2020, the Court granted summary judgment to all Defendants, holding that Plaintiff was unable to state a *Bivens* claim and granting him leave to amend his Second Amended Complaint *solely* to assert a claim under the Federal Tort Claims Act ("FTCA") against the United States.  (ECF No. 49.)

Before the Court are Plaintiff's Motion for Reconsideration and/or Notice of Appeal ("Motion for Reconsideration") (ECF No. 50) and Motion for Extension of Time ("Motion for Extension") (ECF No. 51), and Defendant Anthony Trujillo's ("Defendant Trujillo") Motion to Strike Plaintiff's Third Amended Complaint ("Motion to Strike") (ECF

No. 55). For the reasons stated below, Plaintiff's Motions are denied, Defendant Trujillo's Motion to Strike is granted, and Plaintiff's Third Amended Complaint is dismissed without prejudice.

## I. BACKGROUND

Plaintiff's claim concerns an incident on May 25, 2017, in which he was allegedly attacked by members of a gang while incarcerated at the Federal Correctional Institution in Florence, Colorado. (ECF No. 1 at 9–10.) He filed his initial Complaint on April 18, 2019, asserting a *Bivens* claim against six prison officials. (*Id.*) After being ordered to cure pleading deficiencies twice, Plaintiff filed his Second Amended Complaint on July 22, 2019. (ECF No. 12.) Defendants filed a Motion for Summary Judgment on the basis that Plaintiff had not exhausted his administrative remedies, rendering the *Bivens* claim unavailable to him. (ECF No. 26.)

On March 26, 2020, Magistrate Judge N. Reid Neureiter recommended that the Court grant Defendant Trujillo's Motion for Summary Judgment, finding that Plaintiff had not exhausted his administrative remedies. (ECF No. 40 at 10.) Plaintiff filed an Objection to Judge Neureiter's Recommendation, asserting that he was unable to exhaust his administrative remedies due to an alleged cognitive impairment. (ECF No. 44 at 2–3.) Plaintiff also conceded, however, that the *Bivens* claim was not available to him, and requested leave to file an amended complaint asserting a claim against only the United States pursuant to the FTCA. (*Id.* at 4–5.)

On May 19, 2020, the Court overruled Plaintiff's Objection and adopted Judge Neureiter's Recommendation, dismissing Plaintiff's *Bivens* claim and terminating all

Defendants. (ECF No. 49.) The Court did, however, grant Plaintiff leave to amend his Complaint yet again in order to file a FTCA claim against the United States by June 16, 2020. (*Id.*) Plaintiff filed his Motion for Reconsideration on June 15, 2020 (ECF No. 50), challenging the dismissal of his *Bivens* claim. Defendant Trujillo filed a Response on July 6, 2020. (ECF No. 57.) Plaintiff filed his Motion for Extension to file his Third Amended Complaint on June 16, 2020 (ECF No. 51). On June 22, 2020, before the Court ruled on the Motion for Extension, Plaintiff filed his Third Amended Complaint. (ECF No. 53.) Defendant Trujillo filed his Motion to Strike on July 1, 2020. (ECF No. 55.)

## II. ANALYSIS

### A.     Representation by Nathan Railey

As a preliminary matter, the Court addresses Plaintiff's apparent representation by Nathan Railey, who refers to himself as Plaintiff's "next friend agent." (ECF No. 52 at 1.) Mr. Railey is a fellow inmate in the custody of the Federal Bureau of Prisons, and has been writing and submitting pleadings on Plaintiff's behalf, including the Motion for Reconsideration and Third Amended Complaint now before the Court. (ECF Nos. 50 & 53.) Mr. Railey is not an attorney, and his representation of Plaintiff has not been approved by the Court. Rather, based on his Notice of Agency filed on June 15, 2020 (and subsequent to the proceedings at issue here) (ECF No. 52), Mr. Railey seeks to pursue the present action on Plaintiff's behalf, asserting that Plaintiff is not mentally competent to represent himself. (ECF No. 52 at 1–2.)

The Court need not consider whether Mr. Railey may ultimately be granted the

right to litigate in Plaintiff's place; he is not presently authorized to do so.  While "next-friend" standing has been granted in limited cases involving habeas relief, the United States Supreme Court has stated that it is "by no means granted automatically to whomever seeks to pursue an action on behalf of another."  *Whitmore v. Arkansas*, 495 U.S. 149, 169 (1990).  Moreover, Colorado district courts have rejected "next-friend" standing where the proponent failed to demonstrate that it was authorized by a federal statute.  *Sutton v. Doe*, 2018 WL 10322065 at *1 (D. Colo. Apr. 13, 2018).  Accordingly, by merely identifying himself as Plaintiff's "next friend agent" in Plaintiff's pleadings, Mr. Railey has not established that he has standing to pursue this action on Plaintiff's behalf.

The District of Colorado Local Rules of Practice provide that only an attorney or unrepresented party may "appear in a matter before the court, sign and file a pleading or document, or participate in a deposition, hearing, or trial."  D.C.COLO.LAttyR 5(a).  Local Attorney Rule 5 further provides that "[t]he responsibility for signing a pleading or document shall not be delegated."  Mr. Railey is in flagrant violation of Rule 5, admitting to authoring and filing pleadings on Plaintiff's behalf.  (ECF Nos. 44, 50, & 53.)  The Court cautions Plaintiff that Mr. Railey's continued representation without the Court's approval will subject both he and Mr. Railey to sanctions under Rule 5.

**B.    Plaintiff's Motion for Reconsideration**

District courts have broad discretion to reconsider interlocutory rulings before the entry of judgment.  *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1251 (10th Cir. 2011).  Grounds for such reconsideration include "(1) an intervening change in the

4

controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). While the Court has discretion to alter its prior orders, a motion to reconsider "is not at the disposal of parties who want to rehash old arguments." *Nat'l Bus. Brokers, Ltd. v. Jim Williamson Prods., Inc.*, 115 F. Supp. 2d 1250, 1256 (D. Colo. 2000) (quoting *Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995)). Rather, "a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id.*

In his Motion for Reconsideration, Plaintiff argues that his *Bivens* claim should not have been dismissed for failure to exhaust administrative remedies. (ECF No. 50 at 3–5.) He posits that he was only required to exhaust the remedies available to him, and that his cognitive impairments rendered the grievance process impossible for him to comply with, and therefore unavailable. (*Id.* at 6.) This argument conflicts with Plaintiff's Objection to Judge Neureiter's Recommendation, wherein he conceded that the Second Amended Complaint "succumbs to inadequacies requiring it to be dismissed." (ECF No. 44 at 2–3.) The true basis of the Motion for Reconsideration appears to be that Mr. Railey, who authored the Objection and conceded the *Bivens* claim, was not previously aware of the extent of Plaintiff's condition. (ECF No. 50 at 2 (stating that after reviewing Plaintiff's medical documents, he believes that "a new legal landscape is at play").)

A motion for reconsideration may not be used to "revisit issues already addressed" in prior briefing. *Servants of Paraclete*, 204 F.3d at 1012. The Court

already considered Plaintiff's mental condition.  (ECF No. 49.)  As Judge Neureiter noted, Plaintiff had already initiated grievances on unrelated matters, indicating that he has the cognitive capability to exhaust administrative remedies.  (ECF No. 40 at 10.)  Although the severity of Plaintiff's injuries may be new information to Mr. Railey, Plaintiff attached his extensive medical documentation to his initial Complaint.  (ECF No. 1 at 19–85.)  Plaintiff also discussed his medical issues in his Objection to Judge Neureiter's Recommendation.  (ECF No. 44 at 3.)  Finding no grounds for reconsidering the adoption of Judge Neureiter's Recommendation, Plaintiff's Motion for Reconsideration is denied.

**C.     Motion to Strike Plaintiff's Third Amended Complaint**

Defendant Trujillo moves to strike Plaintiff's Third Amended Complaint on two grounds.  First, he contends that Plaintiff has not complied with Federal Rule of Civil Procedure 11, which requires pleadings to be signed by a party or the party's attorney.  (ECF No. 55 at 4.)  Second, he argues that Plaintiff has failed to comply with the Court's prior order regarding amendment of the Complaint.  (*Id.* at 6.)

      i.     *Failure to Comply with Rule 11 Signature Requirement*

Rule 11 states the pleading requirements.  Fed. R. Civ. P. 11.  Relevant here is the requirement that all pleadings be signed by at least one attorney of record, or by a party personally if he or she is unrepresented.  *Id.*  Rule 11(a) further provides that a court "must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention."  *Id.*

As noted, another inmate, Mr. Railey, authored Plaintiff's Third Amended

Complaint.  (ECF No. 53 ¶ 1.)  While Mr. Railey signed the Third Amended Complaint, Plaintiff did not.  (*Id.* at 26.)  Mr. Railey is not a party to this action, nor does he purport to be a licensed attorney authorized to represent Plaintiff.  Rather, in his Notice of Agency, he lists several actions to which he has been a party and names treatises of tort law which he has studied.  (ECF No. 52 at 1–2.)  Notwithstanding his quasi legal background, Mr. Railey is not authorized to sign the Third Amended Complaint on Plaintiff's behalf.

Moreover, it is not clear that Plaintiff was even aware that Mr. Railey had filed the Third Amended Complaint.  Plaintiff submitted his Request for Extension six days earlier, stating that he and Mr. Railey had been separated and were not in contact.  (ECF No. 51 at 1.)  This raises the concern that Plaintiff was not aware of Mr. Railey's filing of the Third Amended Complaint.  As such, Plaintiff's Third Amended Complaint is stricken for failure to comply with Rule 11.

      ii.    *Failure to Amend in Compliance with Court Order*

Defendant Trujillo argues that beyond the signature defect, Plaintiff has filed his Third Amended Complaint in violation of Federal Rule of Civil Procedure 15, which requires leave of the Court to amend a pleading.  (ECF No. 55 at 6; Fed. R. Civ. P. 15.)  Specifically, he posits that Plaintiff reasserted his *Bivens* claim, and named the individual Defendants in the Third Amended Complaint, which is impermissible because the Court previously granted summary judgment to the individual Defendants and dismissed Plaintiff's *Bivens* claim with prejudice.  (ECF No. 55 at 6.)

Recognizing that Plaintiff is proceeding *pro se*, the Court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those

drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007). The liberal construction and leniency of the Court toward *pro se* litigants, however, does not give such parties a license to shirk federal and local rules. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992) (stating that a *pro se* litigant "nevertheless must follow the same rules of procedure that govern other litigants"). A litigant's repeated failure to cure deficient filings may provide a basis for a court to dismiss the action in its entirety. *See, e.g.*, *Jackson v. Jackson*, 377 F. App'x 829, 831 (10th Cir. 2010) (upholding dismissal of *pro se* litigant's complaint after repeated failure to comply with court's orders to cure deficient filings).

In adopting Judge Neureiter's Recommendation and granting Defendants' Motion for Summary Judgment, the Court granted Plaintiff leave to amend, expressly ordering him to name *only* the United States as a defendant and assert claims *only* pursuant to the FTCA. (ECF No. 49.) Plaintiff disregarded this Order, refiling against individual Defendants and reasserting his *Bivens* claim in addition to the FTCA claim. (ECF No. 53.) Plaintiff's failure to comply with the Court's orders warrants dismissal of his claim. *See Jackson*, 377 F. App'x at 831; *Parris v. Attorney Gen*, 2006 WL 2869522, at *2 (D. Colo. Oct 6, 2006). Accordingly, the action is dismissed without prejudice. Given the foregoing, Plaintiff's Motion for Extension of Time is denied as moot.

### III. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Motion for Reconsideration (ECF No. 50) is DENIED;

2. Defendant Trujillo's Motion to Strike (ECF No. 55) is GRANTED;

3. Plaintiff's Motion for Extension of Time (ECF No. 51) is DENIED;

4. Plaintiff's Third Amended Complaint (ECF No. 53) is DISMISSED WITHOUT PREJUDICE;

5. The parties shall bear their own costs and attorney's fees; and

6. The Clerk shall terminate this action.

Dated this 16th day of November, 2020.

BY THE COURT:

_____
William J. Martinez
United States District Judge